UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No.: 2:23-cr-00201-APG-EJY |
|---|---|
| Plaintiff | **Order for Supplemental Briefing on Staples' Motion to Suppress** |
| v. | |
| JERONE STAPLES, | |
| Defendant | |

Defendant Jerone Staples moved to suppress evidence obtained under three search warrants. Staples objects to Magistrate Judge Youchah's recommendation that I deny his motion. Among other things, Staples argues that Judge Youchah should have held that the warrants to search Staples' cell phones and Instagram account were overbroad. Judge Youchah construed the investigator's affidavits in conjunction with the warrants to reach her decision. *See* ECF No. 49 at 16, 20. In his reply brief for the motion to suppress, Staples argued that the Government had not met its burden to show that the affidavits were attached to the warrant, or a physical copy accompanied the warrant when the officers executed it. Because this issue was first raised in reply to the Government's arguments incorporating the affidavit, the Government did not respond to this argument. Nevertheless, Judge Youchah incorporated the affidavits into her analysis.

An affidavit may cure an otherwise overbroad warrant "only if (1) the warrant expressly incorporated the affidavit by reference and (2) the affidavit either is attached physically to the warrant or at least accompanies the warrant while agents execute the search." *United States v. Kow*, 58 F.3d 423, 429 n.3 (9th Cir. 1995). Both the cell phone and Instagram warrants explicitly incorporate the affidavits, and both warrants state that the affidavit is attached. ECF

Nos. 34-5 at 14; 34-6 at 11.  But absent evidence that the affidavit was available to the officers when they executed the warrant, "the fact that the warrant states that the affidavit is both attached and incorporated by reference is insufficient to permit [me] to conclude that the affidavit accompanied the warrant at the time the warrant was executed." *United States v. Hotal*, 143 F.3d 1223, 1225-26 (9th Cir. 1998).  Judge Youchah relied on the affidavits to cure the warrants' defects, but I see no evidence in the record demonstrating whether the officers had access to the affidavits when they executed the search warrants.

      I THEREFORE ORDER the Government to file a supplemental brief by June 16, 2025, explaining what evidence, if any, shows that the affidavits for the cell phone and Instagram warrants were available to the officers while they executed those warrants.  Staples may file a response within one week of the Government's filing.

      DATED this 2nd day of June, 2025.

                                            ANDREW P. GORDON
                                            CHIEF UNITED STATES DISTRICT JUDGE