# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:23-cr-00201-APG-EJY |
| Plaintiff | **Order Denying Motion to Dismiss** |
| v. | [ECF No. 26] |
| JERONE STAPLES, | |
| Defendant | |

Defendant Jerone Staples moves to dismiss his indictment for possessing a firearm as a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). Staples argues that statute is unconstitutional as applied to him based on the Ninth Circuit panel decision in *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024). That decision narrowed § 922(g)(1)'s application to predicate felonies that were "by Founding era standards, of a nature serious enough to justify permanently depriving him of his fundamental Second Amendment rights." *Id.* at 691. Staples contends his previous conviction for attempted robbery failed to meet this standard. After the Ninth Circuit vacated the panel opinion, Staples asked me to hold his motion in abeyance pending an *en banc* decision. *United States v. Duarte*, 108 F.4th 786 (9th Cir. 2024); ECF No. 32. I did so.

The Ninth Circuit *en banc* panel recently held that Supreme Court decisions do not limit the constitutional scope of § 922(g)(1). *United States v. Duarte*, No. 22-50048, --- F.4th ----, 2025 WL 1352411, at *4-5 (9th Cir. May 9, 2025). Upholding its prior decision in *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010), the Ninth Circuit made clear that "consistent with our historical tradition, the government is empowered to regulate guns through categorical restrictions." *Id.* at *5, 14. (quotation omitted). Section 922(g)(1) can be applied to all prior

felony conviction without "felony-by-felony litigation" for each application. *Id.* at 14 (quotation omitted).

The indictment here alleges that Staples was previously convicted of felony attempted robbery, that he knew he was a felon, that he subsequently knowingly possessed three firearms, and that those firearms had been shipped and transported in interstate and foreign commerce. ECF No. 1 at 1-2. This is sufficient to charge Staples with a violation of § 922(g)(1), and nothing in *Duarte* changes the analysis.

I THEREFORE ORDER that defendant Jerone Staples' motion to dismiss **(ECF No. 26) is DENIED**.

DATED this 2nd day of June, 2025.

                                             ANDREW P. GORDON
                                             CHIEF UNITED STATES DISTRICT JUDGE