UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff<br><br>v.<br><br>JERONE STAPLES,<br><br>　　Defendant | Case No.: 2:23-cr-00201-APG-EJY<br><br>**Order Accepting Report and Recommendation and Overruling Staples' Objection**<br><br>[ECF Nos. 34, 49, 57] |

　　Defendant Jerone Staples moved to suppress evidence obtained under three search warrants and a social media preservation request. Magistrate Judge Youchah recommended that I deny Staples' motion. Staples objects to Judge Youchah's recommendation, arguing that she erred by not granting a *Franks*[1] hearing regarding false information included in the search warrant application for Staples' home and material information omitted from that application. Staples also argues that Judge Youchah erred by holding that the search warrants for his cell phones and Instagram account were not overbroad, and that the Instagram preservation request was not a warrantless search and seizure. And Staples argues that Judge Youchah erred by holding that even if the warrants were deficient, the good faith exception applied.

　　The Government responds that a *Franks* hearing is unnecessary because the alleged deficiencies would not affect the probable cause determination. The Government further argues that the incorporated affidavits limit the scope of the cell phone and Instagram warrants to evidence of specific crimes. It also argues that preservation requests are not searches or seizures under the Fourth Amendment and even if they are, the preservation request is not the source of

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

the evidence the Government obtained.  Finally, the Government argues that severance or good faith are available to cure any problems with the warrants.

For the reasons below, I deny Staples' motion to suppress, accept Judge Youchah's report and recommendation, and overrule Staples' objections.

## I. BACKGROUND

Las Vegas Metropolitan Police Department (LVMPD) officers began investigating Staples for pandering in September 2022, after he sent a direct message to an undercover (UC) LVMPD employee's Instagram account. ECF No. 34-3 at 4.  LVMPD Detective C. Dinh identified Staples, who used the Instagram username "paytime515," through facial recognition and comparing mugshots to paytime515's photos. *Id.*  Dinh reviewed Staples' Instagram account and determined that it contained content related to pimping and prostitution. *Id.* at 5.  Dinh also located a LVMPD event report from 2019 in which the involved officers believed Staples was an Oregon pimp attempting to establish himself in Las Vegas. *Id.* at 5-6.  After the initial direct message, Staples stopped contacting the UC so Dinh suspended his investigation. *Id.*

Nearly a year later, on August 19, 2023, Staples again contacted the UC's Instagram account, stating, "TapN hoe fr." *Id.*  Dinh reopened his investigation and discovered a video posted to paytime515's account of Staples driving with what appears to be the butt of a pistol protruding from his pants pocket. *Id.* at 6-7.  Dinh knew from his prior investigation that Staples had been convicted of felony attempted robbery in 2011 and was prohibited from possessing firearms. *Id.* at 4.  Staples and the UC exchanged more Instagram messages, ultimately agreeing to meet at a Las Vegas restaurant. *Id.* at 7.

According to Dinh, Staples described to the UC how he ran his pimping and prostitution operation and encouraged the UC to work for him as a prostitute. *Id.* at 8-9.  Staples also

informed the UC that he "always goes to the firearm range to shoot his guns." *Id.* at 8. LVMPD investigators observed Staples leave in a vehicle that was registered to Jalaani Thompson. *Id.* at 10. After conducting a records check, investigators discovered that Thompson was associated with a house at 9765 Hitching Rail Drive in Las Vegas and held an account with the power utility for that address. *Id.* at 11. Dinh compared a photo of a backyard and pool that Staples had labeled "home" in an Instagram post with photos of the backyard of 9765 Hitching Rail available on Zillow, which Dinh asserted were the "same exact pool and trees." *Id.*

Dinh surveilled the Hitching Rail address and saw the same vehicle registered to Thompson in the driveway. *Id.* at 13. The following day, Dinh saw Staples arrive in the vehicle and enter the front door, but due to an obstruction, Dinh could not see if Staples used a key to enter. *Id.* at 13-14. Later that night, Dinh observed Staples leaving in Thompson's vehicle, which LVMPD officers stopped and arrested Staples for pandering. *Id.* at 14.

Based on this information, Dinh applied to a Nevada state court judge for a warrant to search the Hitching Rail house, Thompson's vehicle, and Staples' person for a variety of evidence related to unlawful possession of firearms and pandering. *Id.* at 2-4, 14-19. Investigators recovered various items of evidence under this warrant including two cell phones from Thompson's vehicle. ECF No. 34-5 at 9. Based on the investigation prior to the search and the evidence seized under the Hitching Rail warrant, Dinh applied for another warrant to search the two cell phones.

The cell phone warrant sought authority to duplicate the content of the phones and then sift through the duplicate at an off-site facility given the large amount of data typically involved with such devices. *Id.* at 10-12. On the same day, Dinh also applied for a warrant for Staples'

Instagram account. ECF No. 34-6. Dinh had previously submitted a preservation request to Meta, Instagram's parent company. ECF No. 34-4.

## II. ANALYSIS

I have conducted a *de novo* review of the motion and related papers as required by Local Rule IB 3-2(b). Judge Youchah's Report and Recommendation sets forth the proper legal analysis and factual bases for the decision, and I adopt it as my own. I supplement her findings and conclusions as discussed below.

### A. Hitching Rail Warrant

Staples argues that the Hitching Rail search warrant application incorrectly stated that he was previously convicted of owning or possessing a firearm as a prohibited person, and without this incorrect information the issuing judge would not have found probable cause to search for firearms. Judge Youchah noted that Staples had not supported his argument that the 2019 charge for "own/possess firearm by Prohibited Person," which Dinh interpreted as a conviction, was dismissed by the Oregon court. ECF No. 49 at 10 & n.4. Staples now provides an Oregon docket entry that demonstrates the charge was dismissed. ECF No. 57-2. However, I adopt Judge Youchah's conclusion that even without this conviction in the affidavit, the "totality of the information presented—the undisputed 2011 robbery conviction, the apparent gun protruding from Defendant's pocket in July 2023, and Defendant's statement to the UC that he goes to the range to shoot his guns—was sufficient to establish probable cause that Defendant was a prohibited person in possession of one or more guns." ECF No. 49 at 12.

### B. Cell Phone and Instagram Warrants

Staples argues that the cell phone and Instagram warrants were overbroad and lacked temporal limitations. Staples also previously argued to Judge Youchah that the Government had

4

not met its burden to cure the overbroad warrants by incorporating Dinh's affidavits. Because Judge Youchah incorporated the affidavits into her analysis, I ordered the Government to submit supplemental briefing on this issue, which the Government did by providing affidavits from Dinh and another LVMPD detective averring that they had the search warrant affidavits when they executed the searches. ECF Nos. 68; 70; 70-1; 70-2. Staples supplements his objection with reference to *United States v. Holcomb*, 132 F.4th 1118 (9th Cir. 2025), which was decided after Judge Youchah issued her Report and Recommendation. He argues that *Holcomb* demonstrates that the lack of temporal limitation in the cell phone and Instagram warrants renders them unconstitutional "general warrants lacking any particularity, thus requiring complete suppression." ECF No. 64 at 6. Finally, Staples argues that *Holcomb* requires me to reject any severance or good faith exceptions to salvage those warrants.

The Government responds that unlike in *Holcomb*, whether Staples had dominion and control of the electronic devices is at issue in this case. The Government also argues that the Instagram seizure is in line with the scope of probable cause and that severance can apply to cure any error in the warrants.

        1. *United States v. Holcomb*

In *Holcomb*, officers investigated a report that Holcomb had sexually assaulted a woman in his bedroom the day before. 132 F.4th at 1123. Holcomb insisted that the "encounter was consensual and that a surveillance video on his computer would prove his innocence." *Id.* After initially consenting to a search of his computer, Holcomb withdrew his consent, and the police obtained a warrant to search for surveillance evidence on the computer from the day before the assault to the present, communication with the victim from six months before the assault to the present, and electronic information "that would show dominion and control for the devices"

without a specific time limitation. *Id.* at 1123-24. The forensic examiner executing the warrant quickly located the relevant video and the lead detective and prosecutor agreed that the video appeared to show a consensual encounter. *Id.* at 1124. Although the detective directed the examiner to stop testing in expectation of a dismissal, the examiner continued to search files on the computer from years before the alleged assault and eventually discovered three videos that appeared to depict child sexual abuse. *Id.*

In *Holcomb*, the Government relied on the expansive dominion and control provision of the search warrant to justify its search of the older files. *Id.* at 1125-26. The district court held that the dominion and control provision was overbroad but that the good faith exception applied so suppression was not warranted. *Id.* The Ninth Circuit reversed, noting that "evidence of dominion and control was not at all relevant to the state's investigation of the alleged assault." *Id.* at 1126. And even if such evidence was relevant, the dominion and control provision had no meaningful limitation on either the type of evidence or time period for the search. *Id.* at 1127-28. Because the dominion and control provision was overbroad and insufficiently particular, it "effectively transformed the . . . warrant into a general warrant." *Id.* at 1129.

The panel majority declined to sever the valid portions of the warrant because the Government failed to preserve that argument and because the contested evidence was obtained under the invalid provision alone. *Id.* at 1129-30. And the *Holcomb* court rejected any good faith reliance on the dominion and control provision because the police knew when the alleged crime occurred yet the warrant provision lacked any time limitation. *Id.* at 1130. The court derived from the caselaw two principles: (1) "when probable cause to search is limited to a particular location, suspect, time period, or type of evidence, any warrant provision that is wholly lacking in any corresponding limitation is overbroad and therefore facially deficient under the Fourth

6

Amendment," and (2) "an officer who relies on any such provision while executing a search warrant does not act in good faith." *Id.* at 1135.

The warrants in Staples' case are distinguishable from the one in *Holcomb*. In *Holcomb*, there was no dispute over whether the defendant had dominion and control over the computer, nor were dominion and control relevant to whether the surveillance video showed a consensual encounter. Staples has not conceded dominion and control over the two cell phones that officers seized from Thompson's vehicle. Much of the evidence the officers sought, such as messages, photos, social media posts, and geo-location information, is relevant only to the extent it can be attributed to Staples, so it is necessary to show that Staples had dominion and control of the phones when that content was created. And phones, unlike desktop computers, make dominion and control even more relevant due to their portable nature.

The cell phone warrant listed three categories of evidence to be seized:

1. Digitally stored records of user and/or device created data, which may constitute evidence of Jerone Staples's involvement in the planning or commission of the crime(s) of Pandering and Own/Possess Firearm by Prohibited Person, which occurred on or about August 23rd, 2023, and August 29th, 2023.

2. Digitally stored records of user and/or device created data, which would tend to establish the identity of the persons who were in sole or joint control of the below listed digital storage device(s).

3. Digitally stored records of user and/or device created data, including stored communications such as voice, text, email, messaging and/or social media content, photos, graphic files or videos, geo-location information, stored internet browser and application data, contacts, call history and stored documents.

ECF No. 34-5 at 14 (emphasis omitted). The Instagram warrant authorized seizure of (1) basic subscriber records, (2) posts, stories, and comments, (3) videos, (4) photographs, (5) messages, and (6) location information. ECF No. 34-6 at 11.

1    Staples argues that the second and third categories of the cell phone warrant and all the
2 categories of the Instagram warrant are vague and overbroad because they lack any temporal
3 limitation.  He also argues that the first category of the phone warrant is limited to evidence from
4 August 23 and August 29 under *Holcomb*.  The Government responds that Ninth Circuit
5 precedent does not require such a pinpoint search and the affidavit provides adequate guidance to
6 limit officer discretion.

7    To determine if a warrant is overbroad I consider three factors: "(1) whether probable
8 cause existed to seize all items of a category described in the warrant; (2) whether the warrant
9 sets forth objective standards by which executing officers could differentiate items subject to
10 seizure from those which were not; and (3) whether the government could have described the
11 items more particularly in light of the information available to it at the time the warrant issued."
12 *United States v. Shi*, 525 F.3d 709, 731-32 (9th Cir. 2008).  "'Over-seizing' is an accepted reality
13 in electronic searching because there is no way to be sure exactly what an electronic file contains
14 without somehow examining its contents." *United States v. Flores*, 802 F.3d 1028, 1044-45 (9th
15 Cir. 2015) (simplified).  To prevent this over-seizing from becoming a general search, "warrants
16 must specify the particular crime for which evidence is sought," and relying on the "plain view"
17 doctrine to seize unresponsive data is disfavored. *Id.* at 1045.

18    The warrants to search Staples' cell phones and Instagram account were not overbroad
19 when the affidavits are incorporated.  An affidavit may cure an otherwise overbroad warrant
20 "only if (1) the warrant expressly incorporated the affidavit by reference and (2) the affidavit
21 either is attached physically to the warrant or at least accompanies the warrant while agents
22 execute the search." *United States v. Kow*, 58 F.3d 423, 429 n.3 (9th Cir. 1995).  Both the cell
23 phone and Instagram warrants explicitly incorporate the affidavits, and both warrants state that

the affidavit is attached. ECF Nos. 34-5 at 14; 34-6 at 11. And the investigators who performed the cell phone extractions and who analyzed the cell phone and Instagram data had the search warrant applications and affidavits available to them during the search. *See* ECF Nos. 70-1; 70-2.

The incorporated affidavits describe the relevant time periods that Staples used his phone to communicate with the UC and post photos with firearms. Although Staples takes issue with the fact that the entire phone's contents were seized in a "full file extraction,"[2] the warrant authorized officers to make and retain complete copies of the devices. ECF No. 34-5 at 10-12. This kind of two-step electronic seizure is recognized by the Ninth Circuit and in the federal rules. *United States v. Schesso*, 730 F.3d 1040, 1046 (9th Cir. 2013); Fed. R. Crim. P. 41(e)(2)(B). The incorporated affidavits also limit the officers' discretion to files that are evidence of the specific crimes of pandering and unlawful possession of a firearm. And they describe the kinds of electronic files that Dinh believed will support these charges. *See* ECF Nos. 34-5 at 9-10; 34-6 at 8-9. These affidavits satisfy the first two factors demonstrating that the officers had probable cause to seize the categories of files they were authorized to seize and they set forth objective standards to guide the officers' discretion.

Staples argues that "*Holcomb* narrows the reading of temporal limitations," and therefore only evidence from August 23 and August 29 could be authorized by the warrant. ECF No. 64 at 5 n.15. But the *Holcomb* court made clear it does "not mean to suggest that dominion and control provisions must always contain temporal limitations." 132 F.4th at 1130. The "specificity required in a warrant varies depending on the circumstances of the case and the type of items involved." *Id.* (quotation omitted).

---

[2] ECF No. 57 at 7.

9

Unlike in *Holcomb*, where the Government knew the specific date to search for the surveillance video, here the cell phone and Instagram warrants seek "evidence of Jerone Staples's involvement in the planning or commission of the crime(s) of Pandering and Own/Possess Firearm by Prohibited Person." ECF No. 34-5 at 14 (emphasis omitted). The affidavits describe Dinh's belief that Staples communicated with his sources of firearms and prostitutes under his control, and it was not reasonable for Dinh to describe these communications with more particularity such as specific dates and times. The Ninth Circuit has declined to require this kind of "pinpointed" electronic document search out of concern that the Government would fail to "cast a sufficiently wide net to capture the evidence sought." *United States v. Adjani*, 452 F.3d 1140, 1149-50 (9th Cir. 2006); *Flores*, 802 F.3d at 1044-45. And, at least with the Instagram warrant, the record indicates that officers limited their search to the period in which Staples communicated with the UC. *See* ECF No. 57-4 at 2 (showing date range of Instagram records returned as September 22, 2022 to August 29, 2023).

### 2. Severance

Neither party has disclosed what evidence the Government intends to introduce at trial from the cell phone and Instagram warrants. Due to the unavoidable nature of over-seizing electronic records, it is possible for an officer to exceed the scope of the warrant while sorting through the material. In these cases, the doctrine of severance allows me to strike invalid portions of a warrant and preserve those that satisfy the Fourth Amendment. *Flores*, 802 F.3d at 1045. In *Flores*, officers executed a warrant on the defendant's social media account without a temporal limit, seizing five or six years' worth of data. *Id.* Although such a seizure may have been "excessive," the only messages introduced at trial were sent the day of the defendant's

arrest "and thus fell well-within even the narrowest of temporal limits," and the district court did not err in declining to suppress them. *Id.* at 1045-46.

Complete suppression is not warranted in this case. However, Staples may object to specific evidence if the Government seeks to introduce evidence that is outside the scope of the cell phone and Instagram warrants when it submits its exhibit lists or at trial. *See United States v. Sears*, 411 F.3d 1124, 1131 (9th Cir. 2005) ("When officers violate the terms of a warrant in execution, partial suppression is the norm unless the officers engaged in a general search.").

### 3.  Good Faith

Finally, I agree with Judge Youchah's conclusion that even if the cell phone and Instagram warrants were overbroad, the good faith exception applies to searches guided by the incorporated affidavits. An officer may rely in good faith on the validity of a warrant issued by a magistrate judge so long as this reliance is objectively reasonable. *United States v. Leon*, 468 U.S. 897, 922-23 (1984). An officer lacks reasonable grounds to believe the warrant was properly issued "(1) where the affiant recklessly or knowingly placed false information in the affidavit that misled the issuing judge; (2) where the judge wholly abandons his or her judicial role; (3) where the affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the warrant is so facially deficient . . . that the executing officers cannot reasonably presume it to be valid." *United States v. Underwood*, 725 F.3d 1076, 1085 (9th Cir. 2013) (simplified).

As already discussed, the warrants do not appear facially overbroad when Dinh's affidavits are incorporated to limit their scope. As with severance, it is possible that the officers exceeded the scope of the warrants when parsing through the data. However, without knowing

what evidence the Government intends to introduce, I cannot say that the manner the officers executed the warrants was "in flagrant disregard for [their] scope." ECF No. 57 at 8.

Staples appears to conflate the full file extraction creating cloned copies of the cell phones with a seizure of the phones' entire contents. As previously explained, the warrants authorized this two-step procedure, and both courts and the federal rules recognize it. The forensic examination report stated that it obtained a "full file system extraction" but "[n]o analysis was conducted on the data provided." ECF No. 57-3 at 3, 4. It further noted that "[c]ase investigators need to review all reports and bookmarks/tags for relevancy and compliance with the search warrant." *Id.* at 5. So long as the officers processing the cell phone clone files and Instagram return utilized the search warrants and incorporated affidavits to limit their discretion, the searches are protected by the good faith exception.

### III. CONCLUSION

I THEREFORE ORDER that Magistrate Judge Youchah's report and recommendation **(ECF No. 49) is accepted** with the above supplemental analysis, defendant Jerone Staples' motion to suppress **(ECF No. 34) is denied**, and defendant Jerone Staples' objection to the report and recommendation **(ECF No. 57) is overruled**.

DATED this 1st day of July, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE