UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:23-cr-00201-APG-EJY |
| Plaintiff | **Order on Motion in Limine** |
| v. | [ECF No. 107] |
| JERONE STAPLES, | |
| Defendant | |

Jerone Staples moves to preclude the government from offering at trial (1) evidence that it investigated Staples for pandering and (2) photographs and videos taken from Staples' cell phone and social media accounts. ECF No. 107. The government agrees that it will limit the testimony and evidence about its investigation and will not offer any photos or videos from Staples' social media accounts unless Staples opens the door to such issues. But that does not resolve all of Staples' objections.

Staples argues that the evidence he seeks to preclude is barred by Federal Rule of Evidence 404(b). *Id.* at 5. To admit evidence under that Rule, the government must

> prove that the proposed evidence satisfies four requirements: "(1) the evidence tends to prove a material point (materiality); (2) the other act is not too remote in time (recency); (3) the evidence is sufficient to support a finding that defendant committed the other act (sufficiency); and (4) . . . the act is similar to the offense charged (similarity)."

*United States v. Charley*, 1 F.4th 637, 647 (9th Cir. 2021) (*quoting United States v. Berckmann*, 971 F.3d 999, 1002 (9th Cir. 2020)). Relatedly,

> [e]vidence of other acts is not subject to Rule 404(b) analysis if it is inextricably intertwined with the charged offense. . . . This exception applies when . . . other act evidence . . . is necessary [to admit] in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.

*United States v. Beckman*, 298 F.3d 788, 793–94 (9th Cir. 2002) (simplified). Based on these principles, the government may offer evidence supporting the following allegations regarding its investigation of Staples:

- Staples was under investigation for possible illegal activities (without mentioning pandering unless Staples opens the door to that topic). This information is inextricably intertwined with the government's investigation because it explains how police determined that the car Staples was driving was registered to the subject house, why Staples was surveilled, and how and why a search warrant was obtained.

- During the investigation, detectives learned Staples was using the moniker "Paytime" and Instagram account "Paytime515." Staples stipulates to this evidence. ECF No. 107 at 5.

- Staples met in person with a police undercover employee to discuss possible illegal business dealings (again, without mentioning pandering unless Staples opens the door to that topic).

- During that meeting, Staples allegedly said he always carries a firearm. This statement is admissible based on the government's proffer that it will introduce other evidence to corroborate it, including several photographs of Staples holding a gun and that a gun was found in the subject house under Staples' pants. *Charley*, 1 F.4th at 647 (requiring evidence "sufficient to support a finding that defendant committed the other act"). The government may not offer evidence that Staples said he goes to the shooting range all the time and has a concealed weapon permit because no other evidence corroborates those statements. *Id.*[1]

---

[1] The government noted at the December 17, 2025 hearing that visiting a gun range and having a concealed carry permit are not illegal and thus not other crimes or "bad acts." But "Rule 404(b) extends to non-criminal acts or wrongs." *United States v. Scott*, 677 F.3d 72, 78 (2d Cir. 2012).

• Based on the information obtained during their investigation, detectives obtained and executed a valid search warrant at the subject house. The government may not disclose what was being searched for other than weapons, unless Staples opens the door to such items.

With regard to photos and videos found on Staples' cell phone, Staples objects to those showing a gun because no witness will testify that the gun is real and is one of the firearms charged in the indictment. ECF No. 107 at 15. It is premature to preclude this evidence because the government may be able to offer testimony or evidence that the photos and videos depict guns. Under Federal Rule of Evidence 901(a), "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." "Evidence is admissible under Rule 901(a) 'once a prima facie case has been made on the issue. At that point the matter is committed to the trier of fact to determine the evidence's credibility and probative force.'" *United States v. Whitworth*, 856 F.2d 1268, 1283 (9th Cir. 1988) (*quoting United States v. Johnson,* 637 F.2d 1224, 1247 (9th Cir. 1980) (citations omitted)).[2] If the government offers a witness or evidence supporting a finding that the photos and videos depict what appear to be guns, it will be for the jury to decide whether that is, in fact, true.

Staples also objects because the photos and videos are too remote in time. The seemingly most remote video, captioned "Celebrating Black History Month," may have been created in February 2023, six months before the period alleged in the indictment. ECF No. 107 at 16. That is not too remote. *United States v. Serrano*, 313 F. App'x 10, 12 (9th Cir. 2008), as amended on

---

[2] *See also United States v. Harvey*, 117 F.3d 1044, 1049 (7th Cir. 1997) ("Rule 901 requires only a prima facie showing of genuineness and leaves it to the jury to decide the true authenticity and probative value of the evidence."); *United States v. Paulino*, 13 F.3d 20, 23 (1st Cir. 1994) ("If the court discerns enough support in the record to warrant a reasonable person in determining that the evidence is what it purports to be, then Rule 901(a) is satisfied and the weight to be given to the evidence is left to the jury.").

3

denial of reh'g (Sept. 4, 2008) (holding that two incidents four years apart were not too remote in time); *United States v. Escobedo*, 19 F.3d 1441 at *2 (9th Cir. 1994) (upholding introduction of "'other acts' occurring more than 17 months from the date of the crime"). The other photos and videos were created within a month of the indictment period and thus are not too remote.

Staples specifically objects to three photos or videos. ECF No. 107 at 17-18. One video shows Staples with what could be a marijuana cigarette in his mouth walking around with what appears to be the butt of a pistol protruding from his pocket. This has obvious probative value because it appears to shows Staples in possession of a weapon; it is for the jury to decide if it is a real weapon. It is unclear what is in Staples' mouth. Even if it is marijuana, that is not overly prejudicial given that marijuana is legal in Nevada. Nevertheless, Staples may propose a jury instruction to limit any potential prejudice.

One video shows Staples in a bathtub. It reveals no nudity and apparently shows a firearm on the side of the bathtub. The government stated during the December 1, 2025 hearing that it does not intend to offer this video as it comes from Staples' Instagram account. If the government offers the photo collage from Staples' cell phone that includes this bathtub photo or video, I will allow it as there is little, if any, prejudicial effect and the probative value appears to be significant because it shows Staples may be in possession of a weapon. However, the government will redact the music and offensive lyrics from the collage.

The third photo purports to show Staples pointing a gun with a red laser sighting at the camera. Before I allow this photo into evidence, the government must proffer a clearer version than what is depicted at ECF No. 107 at 18 and testimony or evidence giving sufficient context to allow a finding that the photo depicts Staples holding a gun with a red laser. ECF No. 113 at 12. Any prejudicial effect from the photo does not substantially outweigh the probative value.

I THEREFORE ORDER that Staples' motion in limine **(ECF No. 107) is granted in part as set forth above**.

DATED this 5th day of January, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE